

**T**HE **C**ITY OF **N**EW **Y**ORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**VIRGINIA J. NIMICK**
phone: (212) 788-0824
fax: (212) 788-9776
email: vnimick@law.nyc.gov

July 26, 2012

**BY ECF**
Honorable Roanne L. Mann
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

      Re:    <u>Andre Rodriguez v. City of New York*, et al.*</u>
                 11 CV 1128 (JBW) (RLM)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the Office of Michael A. Cardozo, Corporation Counsel for the City of New York, and the attorney assigned to defend the above-referenced matter.  I write concerning the Order issued following the Settlement Conference scheduled for July 25, 2012.

      First, I offer my sincerest apologizes to both the Court and plaintiff's counsel for my failure to appear for the scheduled conference.  It was a calendar error on my part and was, in no way, intentional.  Beginning on Monday, July 23rd through Friday, July 27th, I am out of the office, attending mandatory training through the National Institute for Trial Advocacy ("NITA") at Fordham Law School, and so did not receive the phone calls from Chambers.  I am very sorry for any inconvenience or delay that my absence has occasioned.

      It is respectfully submitted that the City of New York has in no way abandoned the defense of this matter, and my failure to appear today was an oversight on my part, for which the City should not be punished, whether by entry of a default judgment or other sanctions.  Plaintiff will not be prejudiced if this matter is allowed to be litigated. However, defendant City respectfully submits that it has meritorious defenses to the allegations in complaint and that, if prevented from litigating this matter on the merits, that it will be unduly prejudiced.

The Second Circuit "has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default." *Cody v. Mello,* 59 F.3d 13, 15 (2d Cir. 1995); *see also Enron Oil Corp.*, 10 F.3d at 95; *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983); *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981). This Circuit has described default judgments as "the most severe sanction which the court may apply." *Securities & Exchange Comm'n v. Management Dynamics, Inc.*, 515 F.2d 801, 814 (2d Cir. 1975) (quoting *Trans World Airlines, Inc. v. Hughes*, 332 F.2d 602, 614 (2d Cir. 1964)). "Dismissal is a harsh remedy to be utilized only in extreme situations." *Cody*, 59 F.3d at 15 (internal quotations omitted). Thus, "because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp.,* 10 F.3d at 96 (internal citations omitted). Moreover, courts in this Circuit have held that, in the context of a default, "willfulness" refers to "conduct that is more than merely negligent or careless." *See e.g., American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 60 (2d Cir. 1996) (noting that while other circuits are divided as to the meaning of "willful" conduct in the context of default judgments, the Second Circuit "look[s] for bad faith, or at least something more than mere negligence, before rejecting a claim of excusable neglect based on an attorney's or a litigant's error").

Defendant's failure to appear at the scheduled conference was purely mistake, and was in no way willful or intentional. Moreover, it is clear from the record that City has intended from the inception of this suit to defend this matter. Defendant City Answered the Complaint on July 5, 2011 (Doc. 6). An Initial Conference was held on July 29, 2011 at which a discovery schedule was agreed upon (Doc. 8). On that same day, plaintiff's counsel served defendant City with Initial Disclosures pursuant to Federal Rule of Civil Procedure 26 as well as plaintiff's First Set of Interrogatories and Document Demands. On or about August 16, 2011, defendant City served plaintiff with Initial Disclosures and defendant's First Set of Interrogatories and Request for Documents. On August 19, 2011, plaintiff's counsel sought and was granted a stay of this matter pending plaintiff's criminal prosecution (Docs. 11, 12). That stay was not lifted until May 3, 2012 (Doc. 22).

Upon lifting the stay, the Court entered a new discovery schedule based upon dates submitted *jointly* by the parties (Doc. 22). In addition to the settlement conference scheduled for July 25, 2012, the Order indicates that the close of fact discovery is November 1, 2012 (*Id.*). On or about July 13, 2012, the undersigned executed a waiver of service of the Amended Complaint upon defendant City of New York (*see* Doc. 24). Both of these actions – submission of a joint proposed case management plan and execution of the waiver of service – are evidence that the City has not abandoned its defense of this matter. Instead, any delay document discovery is attributable totally to the mistake and oversight of the undersigned.

As of the date of this filing, defendant City has, in it's Initial Disclosures, turned over 42 pages of discovery to plaintiff's counsel. Moreover, on July 26, 2012, an additional 110 pages of discovery (the entirety of the Civilian Complaint Review Board "CCRB" file) were hand-delivered to plaintiff's counsel. Responses to plaintiff's discovery demands, to the extent that they remain outstanding, will be served upon plaintiff's counsel no later than the close of business, July 30, 2012.[1]

Once again, I sincerely apologize for my oversight and error, and for my failure to appear at the Settlement Conference on July 25, 2012, and I regret any inconvenience that may have resulted. For all the reasons above, it is respectfully requested that defendants should not be subject to sanctions, including the entry of a default judgment, because of attorney oversight. Subjecting defendant City to such punishment will result in severe and undue prejudice.

Thank you for your consideration of this matter.

Respectfully submitted,

/s/

Virginia J. Nimick
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Nicole Bellina, Esq. (by ECF)
      *Attorneys for Plaintiff*

---

[1] Plaintiff's First Set of Interrogatories contains numerous interrogatories directed specifically at Officer Michael Buglione. Upon information and belief, none of the individually-named defendants have been served, and so are not parties to this action. It is also respectfully noted that this office has yet to receive plaintiff's responses to it's First Set of Interrogatories and Request for Documents, served on plaintiff on or about August 16, 2011.